IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 3:06-cr-30034-GPM |
| ) | |
| BENJAMIN BROWNING, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Government's Motion to Revoke Bond on July 11, 2006.[1]  For the reasons set forth below, the motion is **GRANTED**, the defendant's bond is hereby **REVOKED**, and the defendant is hereby **DETAINED** pending resolution of petition to revoke supervised release.

On June 9, 2006, the defendant, Benjamin Browing, was ordered released on a $10,000 unsecured bond pending his final revocation hearing (Doc. 12).  As a condition of his bond, the defendant was ordered to refrain from the use of any alcohol.  On July 11, 2006, this Court conducted a bond revocation hearing in which the government presented evidence that the defendant violated a condition of his bond.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

(1) finds that there is–

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;  or
(B) clear and convincing evidence that the person has violated any

---

[1] This Court is construing the Memorandum Bond Violation Report/Warrant Request as a motion to revoke the defendant's bond.

other condition of release; and

(2) finds that–

(A) based on the factors set forth in section 3142(g) of this title, there is no
 condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;  or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).

The Government presented clear and convincing evidence of the following:

1. Defendant smelled of alcohol on June 12, 2006.

2. Defendant tested positive for alcohol on that date, specifically, his urine was found to have 0.093% alcohol.

The Court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that Benjamin Browning will not pose a danger to the safety of any other person or the community.  The Court is mindful that the defendant kept every scheduled appointment with his probation office and that he participated in all drug testing.  The questionable drug testing on July 5, 2006, which the defendant may have missed due to confusion as to whether he was required to be tested, notwithstanding.  Nonetheless, the Court

finds it improbable that the use of mouthwash may have caused the positive alcohol finding. Further, this Court notes that the bond conditions required the defendant to refrain from all alcohol – including substances, like cough medicine, that the defendant admitted to taking. This Court finds that it is unlikely that Browning would abide by any condition or combination of conditions of release which the Court could devise.

**IT IS THEREFORE ORDERED** that the Government's motion to revoke Browning's bond is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant Browning be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and that the defendant be afforded reasonable opportunity for private consultation with his counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**DATED: July 11, 2006**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
